## Louis Rees, Plaintiff in Error, v. Carl S. Johnson, Defendant in Error.

### Gen. No. 20,167.

1. EVIDENCE, § 352*—*admissibility of parol evidence to explain patent ambiguities.* Though a latent ambiguity in a written contract may be explained by parol evidence, a patent ambiguity cannot be so explained.

2. VENDOR AND PURCHASER, § 27*—*when contract nonenforceable for patent ambiguity as to price.* Where one provision of a contract for the sale of real estate showed the price to be $10,000 and another provision showed the price to be $5,000, *held* that the contract was patently ambiguous and therefore could not be the basis of an action for damages for an alleged breach thereof.

Error to the Municipal Court of Chicago; the Hon. CHARLES A. WILLIAMS, Judge, presiding. Heard in this court at the March term, 1914. Affirmed. Opinion filed January 25, 1915. Rehearing denied February 8, 1915.

MOSES, ROSENTHAL & KENNEDY, for plaintiff in error; JULIUS MOSES and ARTHUR E. MANHEIMER, of counsel.

JOHN C. TRAINOR, for defendant in error.

MR. JUSTICE McSURELY delivered the opinion of the court.

This is a suit for damages for the alleged breach of a written contract concerning the sale of real estate. This contract is as follows:

"CHICAGO, Aug. 5th, 1910.

Received of L. Rees Five Hundred and no/100 ($500.00) dollars as deposit on sale of building known as 10901 Mich. Ave. located at corner of Mich. Ave. & 109th St. to be sold for ($10,000.00) Ten Thousand dollars clear of all expense, the building to be turned over clear of all claims except ($5,000) Five Thousand dollars first mortgage. Fifteen Hundred ($1500.00) dol-

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

lars to be paid on the first day of September, 1910 and the balance, Three Thousand (3000.00) dollars to be paid the 2nd day of January, 1911.

C. S. JOHNSON,
L. REES

Witness, CARL G. JOHNSON.''

Plaintiff, Rees, alleged the subsequent failure and refusal of the defendant to perform his promises under the contract, and claimed as damages the difference between the market price and what plaintiff says is the contract price. Upon trial the jury returned a verdict finding the issues against the plaintiff, upon which judgment was entered.

The plaintiff upon the trial claimed that the contract was ambiguous as to the property to be sold, and testimony was heard to the effect that it was the intention of the parties to contract for the sale not only of the ''building'' but also the lot upon which it stood, including another building located on the lot. The defendant, in his turn, claimed that the contract was ambiguous as to the interest to be sold and, over the objections of plaintiff, introduced testimony to the effect that he was the owner of only a one half interest in the property, the other half being owned by his wife, that this was known to the plaintiff, and that it was the intention of the parties by this instrument to contract with reference only to defendant's half interest in the property.

The presence of these ambiguities may be conceded by us, and there are persuasive reasons for considering them to be latent ambiguities which parol testimony is admissible to explain, but we are of the opinion that there is also present in this contract a patent ambiguity as to the purchase price. The first provision as to price is, ''to be sold for ($10,000.00) Ten Thousand dollars clear of all expense,  *  *  *  to be turned over clear of all claims except ($5,000) Five Thousand dollars first mortgage.'' Standing alone this means that the seller is to receive $10,000, the buyer to take the

property subject to a $5,000 mortgage; as it would be ordinarily understood and expressed, the seller is to receive $10,000 for his equity. Provisions like this have been in such constant use in a very large number of transactions in this county that there is no room for reasonable difference of opinion as to their meaning.

The next provision is as follows: "Fifteen Hundred ($1500.00) dollars to be paid on the first day of September, 1910 and the balance, Three Thousand (3000.00) dollars to be paid the 2nd day of January, 1911." Bearing in mind the cash payment of $500, this provision can mean only one thing, namely, a sale of the equity for $5,000, and hence there is a direct conflict with the prior provision; that the buyer is to take the property subject to the $5,000 mortgage is certain, but whether the seller is to receive for his equity $10,000, as agreed upon in the first provision, or $5,000, as agreed upon in the second provision, is patently uncertain.

In Parsons on Contracts, secs. 558-559, the author quotes from Lord Bacon thus: "There be two sorts of ambiguities of words; the one is *ambiguitas patens,* and the other *latens. Patens* is that which appears to be ambiguous upon the deed or instrument; *latens* is that which seemeth certain, and without ambiguity, for any thing that appeareth upon the deed or instrument; but there is some collateral matter out of the deed that breedeth the ambiguity." And the comment of the author is that "the rules of Lord Bacon rest entirely upon the principle that the law will not make, nor permit to be made, for parties, a contract other than that which they have made for themselves." It is a legal maxim that "a patent ambiguity cannot be cleared up by extrinsic evidence." 2 Cyc. 278. In *Panton v. Tefft,* 22 Ill. 367, the court held that parol evidence is inadmissible to explain a patent ambiguity, saying: "While a *latent* ambiguity may be so explained, it is because it is made to appear by evidence outside of the

instrument, yet a patent ambiguity is not susceptible of any other explanation than that furnished by the instrument itself."

It is obvious that any parol testimony tending to show that it was intended that the equity in the property in question should be bought and sold for $5,000 would tend to vary and contradict that provision of the contract which, as we have seen, provides that it should be bought and sold for $10,000; and equally is it true that testimony tending to establish the price named in the first provision would tend to contradict and vary the price named in the second provision of the contract. It follows, therefore, that a contract for the sale of property, patently ambiguous as to the price, cannot be the basis of an action for damages for its alleged breach. "No contract will be enforced, as a contract, if it have no plain and natural or legal meaning, by itself; * * * the supposed contract being set aside for such reasons as these, the parties will be remitted to their original rights and obligations." 2 Parsons on Contracts, sec. 566.

In the case before us, plaintiff cannot recover damages on the contract. While we are not prepared to approve all the rulings on the evidence upon the trial, or the instructions to the jury, yet, as under our construction of the contract and the law applicable thereto there can be no recovery in this case, we shall not disturb the judgment, which was favorable to the defendant. We do not wish to be understood as indicating any opinion as to the right of plaintiff to recover the $500 earnest money paid by him, in a proper suit.  For the reasons above indicated the judgment is affirmed.

*Affirmed.*